IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TUNICA WEB ADVERTISING, INC. AND
CHERRY L. GRAZIOSI,                                             PLAINTIFFS,

VS.                                             CIVIL ACTION NO. 2:03CV234-P-A

TUNICA COUNTY TOURISM ASSOCIATION;
BARDEN MISSISSIPPI GAMING, LLC (d/b/a
"Fitzgerald's Casino and Hotel"); BL DEVELOPMENT
CORP. (d/b/a "Gold Strike Tunica"); CIRCUS
CIRCUS MISSISSIPPI, INC. (d/b/a "Gold Strike
Casino Resort"); ROBINSON PROPERTY GROUP,
LTD PARTNERSHIP (d/b/a "Horseshoe Casino &
Hotel"); TUNICA PARTNERS II LP (d/b/a "Harrah's
Tunica Mardis Gras Casino"); BALLY'S OLYMPIA
LIMITED PARTNERSHIP (d/b/a "Bally's Saloon &
Gambling Hall"); HWCC-TUNICA, INC. (d/b/a
"Hollywood Casino Tunica"); BOYD TUNICA, INC.
(d/b/a "Sam's Town Hotel & Gambling"); and
SHERATON TUNICA CORPORATION (d/b/a
"Sheraton Casino & Hotel"),                                       DEFENDANTS.

## AMENDED ORDER

These matters come before the court upon Plaintiffs' Motion to Dismiss Counterclaims of Defendant Circus Circus for "Unjust Enrichment" and Breach of Contract [297-1] and Circus Circus Mississippi, Inc.'s Cross-Motion for Summary Judgment [318-2]. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

In their response to the plaintiffs' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Circus Circus Mississippi, Inc. ("Gold Strike") abandoned their counterclaims for trademark infringement and unjust enrichment, leaving only Count IV "Breach of Contract/Attorneys' Fees." Also in their response, Gold Strike moved for summary judgment on a breach of contract claim

against the plaintiffs regarding the plaintiffs' admitted failure to register the subject websites with the requisite reputable search engines pursuant to two contracts between the parties.

The plaintiffs' reply, correctly, that no such counterclaim was alleged in Gold Strike's amended Answer. Rather, Count IV "Breach of Contract/Attorneys' Fees" alleges liability for attorneys' fees pursuant to clauses contained in the two aforementioned contracts. The plaintiffs are also correct that Gold Strike made no allegations in their counterclaims regarding whether or not the contracts were breached by failure to perform by the plaintiffs. Therefore, Gold Strike's cross motion for summary judgment should be denied because the claim alleged therein was not advanced in their counterclaims.

Furthermore, Gold Strike did not address the plaintiffs' Rule 12(b)(6) arguments with regard to Count IV. In any event, it is clear that Gold Strike has failed to state a claim for which relief can be granted with respect to Count IV because the instant action is unrelated to the two websites that were the subject of the two contracts between the parties; rather, the instant action involves www.tunica.com. rather than www.tunicamississppi.com or www.tunica.miss.com. Thus, Count IV of Gold Strike's counterclaims should be dismissed for failure to state a claim because it appears beyond doubt – given the plaintiffs' arguments and Gold Strike's failure to respond to them – that the counter-plaintiff can prove no set of facts to support his claim which would entitle him to relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Circus Circus Mississippi, Inc.'s Cross-Motion for Summary Judgment [318-2] is **DENIED**;

(2) Plaintiffs' Motion to Dismiss Counterclaims of Defendant Circus Circus for "Unjust Enrichment" and Breach of Contract [297-1] is **GRANTED**; accordingly,

(3) All of Circus Circus Mississippi Inc.'s counterclaims asserted against the plaintiffs are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 2d day of December, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE