IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TUNICA WEB ADVERTISING, INC. AND
CHERRY L. GRAZIOSI,                                                            PLAINTIFFS,

VS.                                                         CIVIL ACTION NO. 2:03CV234-P-D

BARDEN MISSISSIPPI GAMING, LLC (d/b/a
"Fitzgerald's Casino and Hotel"); BL DEVELOPMENT
CORP. (d/b/a "Grand Casino Tunica"); ROBINSON
PROPERTY GROUP, LTD PARTNERSHIP (d/b/a
"Horseshoe Casino & Hotel"); TUNICA PARTNERS
II LP (d/b/a "Harrah's Tunica Mardis Gras Casino");
BALLY'S OLYMPIA LIMITED PARTNERSHIP
(d/b/a "Bally's Saloon & Gambling Hall"); HWCC-
TUNICA, INC. (d/b/a "Hollywood Casino Tunica");
BOYD TUNICA, INC. (d/b/a "Sam's Town Hotel &
Gambling"); and SHERATON TUNICA
CORPORATION (d/b/a"Sheraton Casino & Hotel"),                DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion to Alter Judgment [395-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The defendants are correct that the court inaccurately calculated the deadline by which they were to file their response to the plaintiff's Motion for Determination and Finding Pursuant to F.R.C.P. 54(b) or in the Alternative for Interlocutory Appeal. Indeed, pursuant to the December 2005 Amendments to Fed. R. Civ. P. 6(e), the court is to count the 3 "mail days" after, not before, counting the 10 business days.

Having considered the defendants' response to the plaintiff's motion, the court finds that the instant motion to alter the court's February 6, 2005 Partial Final Judgment should be denied. The

1

court agrees that the plaintiff's alternative request for an interlocutory appeal should be denied because this court concludes that there is not substantial grounds for a difference of opinion regarding the court's ruling that a horizontal boycott requires that the plaintiff be competitor to at least one of the parties alleged to have boycotted her. However, the court concludes that pursuant to Rule 54(b), there is no just reason for delay of a partial final judgment dismissing the plaintiffs' claims with prejudice. As stated in *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 10-11 (1980), "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow" with regard to a partial final judgment under Rule 56(b). The Fifth Circuit noted that "[t]he balancing test enunciated by *Curtiss-Wright* requires the district court to examine the relationship between adjudicated claims and dismissed parties with those claims and parties remaining in the action as well as efficiency considerations for the court system." *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1225 n. 8 (1992).

The court concludes that in the interests of judicial efficiency, it is more prudent to allow the plaintiffs time to appeal the primary ruling in this case. This is especially true given that the defendant's counterclaims are essentially separate in that they are not contingent upon whether or not the defendants effectuated a horizontal boycott against the plaintiffs. At the same time, however, the court is mindful of the inefficiency of two trials. Therefore, the court will continue the August 28, 2006 trial currently set for the defendants counterclaims until resolution of the plaintiff's appeal to the Fifth Circuit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Alter Judgment [395-1] is **DENIED**; and

(2) Trial of the defendants' counterclaims currently scheduled for August 28, 2006 is hereby

**CONTINUED** until resolution of the plaintiff's appeal to the Fifth Circuit Court of Appeals regarding the court's December 21, 2005 Partial Final Judgment whereupon the parties shall inform the court of that resolution and request that a trial be set either on the plaintiff's claims and the defendants' counterclaims or on the counterclaims alone.

**SO ORDERED** this the 9th day of March, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE