IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TUNICA WEB ADVERTISING, INC. AND
CHERRY L. GRAZIOSI, PLAINTIFFS,

VS. CIVIL ACTION NO. 2:03CV234-P-D

BARDEN MISSISSIPPI GAMING, LLC (d/b/a
"Fitzgerald's Casino and Hotel"); BL DEVELOPMENT
CORP. (d/b/a "Grand Casino Tunica"); ROBINSON
PROPERTY GROUP, LTD PARTNERSHIP (d/b/a
"Horseshoe Casino & Hotel"); TUNICA PARTNERS
II LP (d/b/a "Harrah's Tunica Mardis Gras Casino");
BALLY'S OLYMPIA LIMITED PARTNERSHIP
(d/b/a "Bally's Saloon & Gambling Hall"); HWCC-
TUNICA, INC. (d/b/a "Hollywood Casino Tunica");
BOYD TUNICA, INC. (d/b/a "Sam's Town Hotel &
Gambling"); and SHERATON TUNICA
CORPORATION (d/b/a"Sheraton Casino & Hotel"), DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' Motion to Strike Affidavit of Alex Tajirian and Motion in Limine [368]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The motion is well-taken and should be granted.

The plaintiff filed the Affidavit of Alex Tajirian on November 10, 2005 as an attachment to her opposition to the defendants' *Daubert* motion to exclude the expert testimony of Alex Tajirian. The deadline by which the plaintiff was required to file her expert designations and reports was April 11, 2005. The discovery deadline expired on July 12, 2005.

The defendants argue that the subject affidavit contains new opinions and analysis. The

1

plaintiff denies this assertion, arguing that seven of the affidavit's paragraphs "re-capitulate ... the credentials of Mr. Tajirian and the related activities of his own company, in order to rebut the Casino Defendants' many mischaracterizations of his credentials and experience...." while the remaining paragraphs restate Tajirian's opinions offered in his original report.

The affidavit was filed well after the expert report and discovery deadlines. The court agrees that however the affidavit is characterized, it presents additional information that is meant to bolster the plaintiff's expert's opinion in direct response to the defendants' motion to exclude that same expert's opinions. The court concludes that the affidavit should be stricken as untimely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Strike Affidavit of Alex Tajirian and Motion in Limine [368] is hereby **GRANTED**; therefore,

(2) The court will strike the affidavit from its consideration of the subject defense motion to exclude the testimony of plaintiff's expert, Alex Tajirian; and

(3) The plaintiff is prohibited from offering any of the testimony contained in the subject affidavit during trial.

**SO ORDERED** this the 12th day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE