# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**TUNICA WEB ADVERTISING, INC.**                                                        **PLAINTIFF**

VS.                                                      **CAUSE NO.: 2:03CV234-SA-JAD**

**BARDEN MISSISSIPPI GAMING, LLC**
(d/b/a "Fitzgerald's Casino and Hotel")                                           **DEFENDANT**

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS

This cause comes on for consideration on Defendant Barden Mississippi Gaming, LLC's (d/b/a "Fitzgerald's Casino and Hotel") Motion in Limine to exclude certain documents [461]. The Court finds as follows:

*The Notes of the May 30, 2001 Meeting*

Plaintiff, Tunica Web Advertising ("TWA"), has proffered evidence in support of the Defendant's alleged concerted action to boycott the Plaintiff. Specifically, Plaintiff seeks to introduce the notes of a May 30, 2001, meeting of the Tunica Casino Operators Association ("TCOA"). The notes, taken Patsy Brown (an employee of the Grand Casino and secretary of the TCOA) state:

> Cherry Graziosi has acquired the rights to tunica.com. She has a proposal for each casino to pay $2500 a month to use the website. The consensus of the group attending was to not utilize the site.

The Defendant argues that this is only referencing the rejection of the joint proposal. Furthermore, Defendant asserts that the Fifth Circuit has held that this joint rejection was not unreasonable, and thus, the notes are not relevant under Federal Rule of Evidence 402.

The Defendant also asserts that even if the notes are somehow relevant, they are still inadmissible as hearsay. Moreover, Defendant maintains none of the exceptions to hearsay

apply.  Lastly, the Defendant insists TCOA cannot be a co-conspirator for the purposes of Federal Rule of Evidence 801(d)(2)(E) since TCOA was voluntarily dismissed by the Plaintiff.

The Plaintiff responds that the notes are admissible as an admission by a co-conspirator. Plaintiff avers that Judge Pepper has already ruled that statements made by Callicott and other attendees at the TCOA's May 30, 2001, meeting are co-conspirator statements for evidentiary purposes.  Alternatively, the Plaintiff asserts that the minutes are independently admissible as non-hearsay statements addressing the contents of the boycott agreement itself.

At this juncture, the Court is not prepared to rule on the admissibility of May 30, 2001, meeting notes. The Court must hear preliminary facts surrounding the notes in order to determine whether the evidence is admissible as an admission by a co-conspirator or an exception to hearsay under the business records exception of Federal Rule of Evidence 803(6).

*Email from Clyde Callicott to Cherry L. Graziosi Dated June 6, 2001*

Plaintiff proffers an email from Clyde Callicott, then Gold Strike Casino's Marketing Director, to Cherry L. Graziosi on June 6, 2001, that states,

> I was informed by my VP/GM (based on that discussion held at the TCOA meeting) to terminate the business relationship we have created with the "tunica.com" site.  I wish I could do more but my hands have been officially tied by the TCOA on this issue.
>
> I'm sorry
>
> Clyde

Defendant declares that the email is not based on personal knowledge as required by Federal Rule of Evidence 602; thus, Defendant argues, it could not be an admission of a co-conspirator.  Additionally, the Defendant persists the email is hearsay, and it fails to fit in an exception under Federal Rules of Evidence 803 and 804.

Plaintiff refutes these arguments stating that this exact issue has already been ruled upon by Judge Pepper, who ruled that the substance of the email was not hearsay since it is both a party admission and a co-conspirator admission under Federal Rule of Evidence 801(d)(2)(D) and (E). The Plaintiff insists that Judge Pepper's ruling is governed by the law of the case doctrine.

Notwithstanding the fact that the law of the case doctrine will presumably apply, the Court finds that the email is non-hearsay. It is undisputed that Callicott was the marketing director at Gold Strike at the time. It is undisputed that he attended the May 2001 meeting. Moreover, the agency requirement is satisfied under Federal Rule of Evidence 801(d)(2)(D) and (E), and the Defendant does not dispute that Callicott was not an agent at the time of the email. Additionally, the email is also non-verbal conduct and is the type of testimony demonstrating the existence of concerted action. Lastly, the Fifth Circuit in <u>Tunica Web Advertising v. Tunica Casino Operators Association, Incorporated</u>, stated,

> TWA's evidence – such as Callicott's statements and emails to Graziosi indicating the casinos had entered into a "gentlemen's agreement" to not deal with "tunica.com" and that Gold Strike had to terminate its relationship with "tunica.com" as a result of the casinos' agreement at the May 30, 2001 meeting is, if credited, direct evidence that the casinos agreed not only to reject TWA's initial proposal, but also to refuse to do business with TWA and "tunica.com" individually.

496 F.3d 403, 410 (5th Cir. 2007).

The Court opines that a jury is better suited to weigh the credibility of the email's contents to determine whether the contents are direct evidence that the casinos agreed not only to reject TWA's initial proposal, but also to refuse to do business with TWA and "tunica.com" individually.

*CONCLUSION*

The admissibility of the notes of the May 30, 2001, meeting cannot be determined at this time. The Court will hear proof outside the presence of the jury on preliminary questions of fact whether the notes of the May 30, 2001, meeting are admissible as an admission of a co-conspirator. Further, the Court will hear proof and argument whether, if deemed hearsay, the notes are admissible as an exception under Federal Rule of Evidence 803(6). The contents of the June 2001 email are co-conspirators' admissions and non-verbal hearsay that will be admissible. Accordingly, Defendants Motion in Limine is **DENIED**.

So **ORDERED**, this the 14th day of August, 2008.

> **/s/ Sharion Aycock**
> **U.S. DISTRICT COURT JUDGE**