**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TUNICA WEB ADVERTISING, INC.**                                            **PLAINTIFF**

**VS.**                                                                **CAUSE NO.: 2:03CV234-SA-JAD**

**BARDEN MISSISSIPPI GAMING, LLC**
**(d/b/a "Fitzgerald's Casino and Hotel")**                                   **DEFENDANT**

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE

This cause comes on for consideration on Plaintiff, Tunica Web Advertising's, Motion in Limine to Exclude Expert Testimony of James Henley [456]. The Court finds as follows:

### *BACKGROUND*

Defendant proffers the testimony of James L. Henley, Jr. (who is an attorney, accountant and Bankruptcy Trustee) to provide expert testimony regarding whether Plaintiff has demonstrated any damages.

Conversely, Plaintiff brings this Motion in Limine arguing that 1) Henley has no specialized knowledge, skill, experience, or education involving internet website advertising in a casino/tourism marketplace; 2) he has never owned, operated, or advertised on an internet website; 3) he has no education or training related to marketing; 4) he has no training or experience in the casino industry; 5) he has no background in economics; and 6) he has not consulted one document related to advertising.

### *ANALYSIS*

FED. R. EVID. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court decisions in Daubert v. Merrell Dow Pharmaceutical Incorporated, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and Kumho Tire Company Limited. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) govern the exclusions of experts. "In Daubert the Court charged the trial judges with responsibility of acting as gatekeeper to exclude unreliable expert testimony, and the Court in Kumho clarified that this gatekeeper function applies to all expert testimony, not just testimony based in science." *Advisory Committee's Note on 2000 Amendment* of FED. R. EVID. 702.

The district court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589, 113 S. Ct. 2786. Courts will analyze many factors in determining an expert's admissibility.

FED. R. EVID. 702 provides:

1. Is the witness qualified by knowledge, skill, experience, training, or education?
2. Is the testimony based on sufficient facts?
3. Is the testimony the product of reliable methods?
4. Did the witness apply those methods to the facts reliably?

The Daubert factors in determining Rule 702 requires:

1. Can or has the theory/technique been tested? Can the theory/technique be challenged or is it a subjective, conclusory approach?
2. Is the theory/technique subject to peer-review or publication?
3. Is there a known or potential rate of error of the theory/technique when applied?
4. Were standards and controls used?

*Advisory Committee Notes to 2000 Amendment* of FED. R. EVID. 702 factors:

1. Did the theory arise from litigation or independent research?
2. Is there "too great an analytical gap between the data and the opinion proffered," that is, does the theory "fit" with the facts of the case? General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).
3. Did the expert adequately consider alternative explanations?

4. Was the expert, "as careful as he would have been in his regular professional work outside his paid litigation consulting?" Sheehan v. Daily Racing Form, Inc., 104 F.3d 940, 942 (7th Cir. 1997).
5. Is the expert's field of expertise known to reach reliable results for the type of opinion proffered?

A trial judge may consider one or more of the factors in Daubert. Kumho, 526 U.S. at 141, 119 S. Ct. 1167. The district courts have wide discretion in determining the admissibility of expert testimony. Moore v. Ashland Chem. Inc., 151 F.3d 269, 274 (5th Cir. 1998).

*DISCUSSION*

The Court opines that James Henley, Jr. is qualified to testify regarding Plaintiff's alleged damages by reason of his educational background, his training, and his experiences. Mr. Henley has been a Certified Public Accountant since 1985 and a licensed attorney since 1994. He is also presently a Bankruptcy Trustee in the Southern District of Mississippi. Henley is familiar with accounting principles used by Certified Public Accountants when determining profits and losses. Accountants regularly prepare and review financial statements and tax returns for businesses in industries in which the accountants are not experts. He has valued businesses on multiple occasions, as part of his accounting practice. He has testified in both Federal and State Courts regarding damage claims.

Accordingly, the fact that Mr. Henley may not have specialized expertise in the advertising, tourism, internet, or casino businesses does not preclude him from analyzing and offering expert testimony on hypothetical damage models. Moreover, Mr. Henley's testimony is based on his review of numerous documents and depositions, his knowledge, and his application of appropriate accounting principles to the damages claim in this case. Thus, Mr. Henley's testimony should be permitted in its entirety.

In accordance with this opinion, Defendant's Motion in Limine [456] is **DENIED**.

So **ORDERED**, this the 14th day of August, 2008.

                                                  **/s/ Sharion Aycock_____**
                                                  **U.S. DISTRICT COURT JUDGE**