**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TUNICA WEB ADVERTISING, INC.**                                              **PLAINTIFF**

**VS.**                                                    **CAUSE NO.: 2:03CV234-SA-JAD**

**BARDEN MISSISSIPPI GAMING, LLC**
(d/b/a "Fitzgerald's Casino and Hotel")                                    **DEFENDANT**

## ORDER

Plaintiff proffers the testimony of **Peter Burns** in the form of a deposition. The Defendant has the following objections, and the Court is prepared to rule.

Page 15: Lines: 5-9, 15-25. The Court sustains the objection as calling for a legal conclusion.

Page 16: Lines: 1-15. The Court sustains the objection as calling for a legal conclusion.

Page 17: Lines: 7-12, 19, 25. The Court sustains the objection as calling for a legal conclusion.

Page 18: Lines: 1-14. The Court sustains the objection as calling for a legal conclusion.

Plaintiff proffers the testimony of **Karen Sock** in the form of a deposition. The Defendant has the following objections, and the Court is prepared to rule.

Page 62: Lines 2-19. The Court sustains the objection as not based upon personal knowledge.

Page 66: Lines 16-24. Page 67: Lines 1-7. The Court sustains the objection as it calls for an expert opinion.

Page 93: 15-24. The Court sustains the objection as the question starts on line 14.

Page 103: Lines 22-24. Page 104: Lines 1-8. The Court sustains the objection as lack of personal knowledge.

Page 107: Lines 17-20. The Court sustains the objection as leading.

Page 112: Lines 3-8. The Court sustains the objection as lack of foundation.

Page 114: Lines 3-13. The Court sustains the objection as leading.

Defendant also proffers the testimony of **Karen Sock** in the form of a deposition. The Plaintiff has the following objections, and the Court is prepared to rule.

Pages 20: Lines 10-24 and Page 21: The Court overrules the objections to Page 20 and Page 21. This testimony is relevant.

Page 25: The Court overrules the objection to Page 25: Lines 1-16. This testimony is relevant. The Court sustains the objection to Page 25: 17-24 as lacking foundation.

Pages 30-31: The Court sustains the objection to Page 30: Lines 1-17 as lacking personal knowledge. The Court overrules the objection to Page 30: 18-24 as the witness has personal knowledge. The Court overrules the objection to Page 31: 1, 2 as the witness has personal knowledge.

Pages 40-42: The Court overrules the objection. The statement is not hearsay.

Pages 117-118: The Court overrules the objection. The statement is relevant.

Plaintiff proffers the testimony of **Jon S. Lucas** in the form of a deposition. The Defendant has the following objections, and the Court is prepared to rule.

Page 10: Lines 10-14. The Court sustains the objection. The question is more of a statement to which no answer was given.

Page 10: Lines 19-25. The Court sustains the objection. It refers to a document not in evidence; thus, it is hearsay. Moreover, no foundation has been laid.

Page 11: Lines 1-13. The Court sustains the objection. It refers to a document not in evidence; thus, it is hearsay. Moreover, no foundation has been laid.

Page 13: Lines 16-19. The Court sustains the objection. It refers to a document not in evidence; thus, it is hearsay. Moreover, no foundation has been laid.

Page 14: Lines 8-12, 15. The Court sustains the objection. It refers to a document not in evidence; thus, it is hearsay. Moreover, no foundation has been laid, and it lacks relevance.

Page 16: Lines 5-10. The Court sustains the objection. It refers to a document not in evidence; thus, it is hearsay. It also lacks relevance.

Page 33: Lines 12-18. The Court sustains the objection. It is hearsay and not relevant.

Page 42: Lines 2-6, 9. The Court overrules the objection. The testimony is relevant. Declarant has knowledge of what he perceived.

Defendant proffers the testimony of **Amy Belk** in the form of a deposition. The Plaintiff has the following objections, and the Court is prepared to rule.

Page 6: Lines 5-25. The Court overrules the objection as relevant to background information.

Page 7: Lines 1-25. The Court overrules the objection to lines 1-10. The Court sustains the objection to lines 11-25 as lacking relevance.

Page 8: Lines 1-25. The Court sustains the objection as lacking relevance.

Page 9: Lines 1-25. The Court sustains the objection to lines 1-8 as lacking relevance. The Court overrules the objection to lines 9-25. This testimony is relevant.

Page 10: Lines 1-25. The Court overrules the objection. This testimony is relevant and not hearsay.

Page 11: Lines 1-16. The Court overrules the objection. This testimony is relevant and not hearsay.

Page 14: Lines 11-19. The Court overrules the objection. This testimony is relevant and non-hearsay because she is speaking as an agent.

Page 15: Lines 12-25. The Court overrules the objection. This testimony is relevant.

Page 16: Lines 1-5. The Court overrules the objection. This testimony is relevant.

Page 17: Lines 2-13. The Court overrules the objection. This testimony is relevant.

Page 18: Lines 2-7. The Court overrules the objection. This testimony is relevant.

Defendant proffers the testimony of **Matt Gallagher** in the form of a deposition. The Plaintiff has the following objections, and the Court is prepared to rule.

Pages 8, 9, 13 & 14. The Court overrules the objection. These statements are not hearsay.

Defendant proffers the testimony of **Davina Pallone** in the form of a deposition. The Plaintiff has the following objections, and the Court is prepared to rule.

Pages 19, 20, 25, 26, 28, 29, 32 & 33. The Court overrules the objection to Pages 19, 20, and 25: 1-12. This testimony is relevant. The Court sustains the objections to Pages 25, Lines 13-25, Page 26: Line 1 as lack of personal knowledge. The Court sustains the objection to Page 26: Lines 2-11 as speculative. The Court overrules Pages 26: Lines 12-25, Page 28, 29: Lines 1-16.

This testimony is relevant. The Court sustains the objections to Page 32 and 33 as lacking relevance.

Pages 34, 42, 43. The Court sustains the objections as lacking relevance.

Pages 46, 50, 51, 55, 59, 60. The Court sustains the objections as lacking relevance.

Page 64. The Court overrules the objections to Page 64: Lines 8-14 as relevant. The Court sustains the objections to Page 64: Line 1-7; and Lines 15-25.

Page 66. The Court sustains the objection as leading.

Pages 70 through 75. The Court sustains the objection to Page 70: Lines 20-25, Page 71, 72, and 73: Line 1-8 as lacking relevance, moreover, Page 73: 1-8 is also a leading question. However, the Court overrules the objection to Page 73: Lines 9-25, Page 74, Page 75: Lines 1-4. This testimony is relevant.

Page 77: Lines 9-12. The Court overrules the objection. This testimony is relevant.

Defendant proffers the testimony of **Eric Weik** in the form of a deposition. The Plaintiff has the following objections, and the Court is prepared to rule.

Pages 26-27. The Court sustains the objection as lacking any relevance.

Pages 67 through 70 & 88. The Court sustains the objection to pages 67:25 to 68:1-18 as lacking relevance. The Court overrules the objection to 69: 10-24 and 70: 8-14. The testimony is relevant. The Court sustains the objection to 88: 17-24 as lacking relevance.

Pages 94-95. The Court overrules the objection. The testimony is relevant.

Page 112. The Court overrules the objection. The testimony is relevant to show when the site was operational.

Page 113. The Court sustains the objections as lacking relevance.

Page 118. The Court overrules the objection. The testimony is relevant to possibly show plausible explanations of why the casinos did not use the site.

Pages 142-43. The Court overrules the objection. The testimony is relevant to promotion of the site.

Pages 170: Lines 14-17. The Court overrules the objection. The testimony is relevant to damages.

Pages 225-226. The Court sustains the objection as speculation and no personal knowledge.

Pages 259-60. The Court overrules the objection. The testimony is relevant as to promotion of the site.

Page 273. The Court sustains the objection as speculative.

So **ORDERED**, this the 15th day of August, 2008.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT JUDGE**
